## MARTIN H. K. KELLY, APPELLANT, *v.* FREDERICK FRAZIER AND OTHERS, RESPONDENTS.

*Motion to set aside a verdict as against evidence — it may be granted though no request for a nonsuit or the direction of a verdict was made at the trial — the party applying for it must pay the costs of the trial.*

APPEAL from an order setting aside the verdict of a jury and directing a new trial, upon a motion made upon the minutes of the justice before whom the action was tried.

The court at General Term said: "An examination of the exceptions taken upon the trial sustains the conclusion that they presented no ground upon which the verdict in the case could be set aside. The order must, consequently, have been made because the conclusion of the jury was considered to be unwarranted by the evidence. No exception was taken in the case presenting that point, but after the conclusion of the jury was announced a motion was made upon the minutes which resulted in the order setting aside the verdict. This order is now resisted as unwarranted upon the authority of *Peake* v. *Bell* (7 Hun, 454), where it was held that a failure to move for a nonsuit or to request the direction of a verdict by the defendant would preclude him from afterwards moving to set it aside as against the evidence. And the cases of *Rowe* v. *Stevens* (44 How., 10) and *Sickels* v. *Gillies* (45 id., 94) are relied upon as authorities sustaining this proposition, and they certainly appear entitled to be so considered. But the conclusion which they maintain is plainly in conflict with the right as it has been secured by law to the defeated party, for such a party has, in express terms, been provided with the right to move to set aside the verdict either upon

exceptions or because it may be contrary to the evidence. (Code Civil Pro., § 999.)

"This right has not been rendered dependent upon the fact that an exception may have been taken raising the same point, but it has been reserved in terms clearly indicating the purpose to provide it, where no exception whatever may have been taken. And it was so treated and considered when a similar provision was in force under the preceding Code; and even before that, applications of this nature were not uncommonly made and sustained by the courts. (1 Burrill Prac. [2d ed.], 468; *Algeo* v. *Duncan,* 39 N. Y., 313; *Wright* v. *Hunter,* 46 id., 409; *Thompson* v. *Menck,* 22 How., 431).

"In *Barrett* v. *Third Avenue Railroad Company* (45 N. Y., 628), also one of the cases upon which *Peake* v. *Bell* was decided, it was held that "motions to set aside verdicts as contrary to evidence, as well as motions for a new trial upon the ground of newly discovered evidence, are not governed by any well defined rules, but depend in a great degree upon the peculiar circumstances of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused, involves the inquiry whether substantial justice has been done — the court having in view solely the attainment of that end." (Id., 632.) And what was afterwards said as to the necessity of an exception, related entirely to the power of review vested in the Court of Appeals. It has no application whatever to the power of the Special Term, or that of the court in which the verdict may have been recovered, to set aside a verdict as against the evidence. When a motion of this nature is made before either of these tribunals, the governing principle is that which has already been quoted. This view is further sustained by *Hamilton* v. *Third Avenue Railroad Company* (53 N. Y., 25). There it was held to be the law, that "the Special Term upon the motion, and the General Term upon the appeal from its order, had the power, and it was the duty of each to examine and determine whether the verdict was against the weight of evidence and the justice of the case, and if of opinion that it was, to set it aside and order a new trial. The further duty was incumbent upon them to examine whether upon the trial the defendant sustained any injury from the jury having been misled by any improper remarks of the judge during the trial, which were not excepted to or not the proper subject of

an exception. But this court has no such power. We can only examine the questions of law arising upon the exceptions taken during the trial." (Id., 27.) A conclusion of very much the same nature was expressed in *Smith* v. *Ætna Insurance Company* (49 N. Y., 211), where the late Judge PECKHAM stated that it was the duty of the Supreme Court " to set aside a verdict which is against the clear weight of the evidence." " Justice would be promoted if the Supreme Court should more frequently exercise its unquestioned right of reviewing verdicts upon the facts." (Id., 216.)

The doctrine of these cases upon this subject as well as this provision of the Code, are in conflict with the conclusion reached in *Peake* v. *Bell* (*supra*), and they very fully sustain the practice followed at the trial. It was within the power of the court to set aside the verdict if it was not sustained by the evidence, and no exception was required to entitle the defendants to invoke the exercise of that power. \* \* \*

" By the order made, ten dollars costs of the motion were allowed to the defendant. This part of the order was unwarranted by the practice prevailing upon this subject, for when a verdict is set aside as against the evidence the moving party is required to pay the costs of the trial." (*Bailey* v. *Park*, 5 Hun, 41.)

*Conlan & McCrea,* for the appellant.

*Jacob F. Miller*, for the respondent.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J. concurred.

Order modified as directed in opinion, and, as modified, affirmed, without costs of the motion or of the appeal to either party.